KAREN P. HEWITT
United States Attorney
STEVE MILLER
Assistant U.S. Attorney
California State Bar No. 138020
United States Courthouse
940 Front Street, Room 5152
San Diego, California 92189-0150
Telephone: (619) 557-5432
email: steve.miller2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMMANUEL ESPINOZA-COTA,<br><br>Defendant. | Criminal Case No. 08cr2303-JM<br><br>DATE: September 12, 2008<br>TIME: 1:30 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS TO:<br><br>(1) COMPEL DISCOVERY<br>(2) SUPPRESS STATMENETS<br>(3) TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steve Miller, Assistant United States Attorney, and hereby files its response and opposition to defendants' above-referenced motions. Said response is based upon the files and records of this case, together with the attached statement of facts, memorandum of points and authorities.

//

//

//

I

STATEMENT OF FACTS

On April 8, 2008, defendant EMMANUEL ESPINOZA-COTA drove a white Ford F-250 to the Calexico Port of Entry. At the primary inspection area, defendant presented a Mexican passport in his name and told the inspector that he was going to Calexico and that it was his vehicle. The primary inspector referred defendant to the secondary inspection area.

In the secondary inspection area, defendant told the inspector that he was the registered owner of the truck and that he had gone to Mexicali to see his girlfriend. The inspector observed that the diesel tank on the bed of the truck was not fastened to the bed of the truck. However, a tool box behind the tank was fastened to the bed. Defendant told the inspector that the tank was installed two weeks earlier and that his father is the one who gets diesel trucks.

After further inspection, inspectors recovered 23 packages of marijuana, weighing a total of 78.52 kilograms, from defendant’s diesel tank.

Defendant was advised of his Miranda rights and chose to make a statement. Defendant told the agents that he was going through hard times and that he was introduced to a man named “Jefe.” Jefe offered defendant $1200 to smuggle drugs and defendant agreed. He told the agent that he knew there were drugs in the truck and that Jefe took defendant’s documents to put the truck in his name. A week and a half after putting the truck in defendant’s name. Defendant received a call in the morning and Jefe told him that the truck was ready to cross. Defendant said that he was escorted to the port by Jefe and was

instructed to take the truck to the "Doughnut Avenue" in Calexico where Jefe would pay defendant for crossing the drugs.

Defendant's interview was recorded on DVD and the Government has provided a copy of the interview to this court.

## II

## POINTS AND AUTHORITIES

### A. THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The Government has provided 52 pages of discovery and a DVD to defendant. Government will continue to provide voluntary discovery when it becomes available and will comply with Rule 16 and its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and 18 U.S.C. § 3500.

The Government gives specific notice of its intent to offer evidence of other acts under Rule 404(b). By this notice, the Government reserves the right to offer any evidence, of any act, that was performed by the defendant, that is referenced in any of the discovery. These acts include, but are not limited to any of defendant's prior crossings, prior registrations of any vehicles or prior experience regarding citizenship working with diesel trucks. The acts also include, but are not limited to events that only become relevant once defendant's theory of the case is revealed.

### B. THE GOVERNMENT WILL ESTABLISH THAT DEFENDANT'S STATEMENT WERE IN COMPLIANCE OF MIRANDA

Defendant moves this court to suppress his statements because they were obtained in violation of his Miranda rights. This court scheduled an evidentiary hearing for defendant's motion to suppress statements. The court instructed the parties to brief the issue of the suppression of statements one week before the hearing and for the

Government to submit a copy of the DVD to the court. To date, defendant has not asserted any specific factual issues in dispute so that this court can narrow the focus of its inquiry. Absent any specific objections to the post-arrest interview, defendant's motion to suppress should be summarily denied. Otherwise, the evidentiary hearing will be nothing more than a fishing expedition through a protracted deposition. In any event, the Government will be prepared for the evidentiary hearing and will establish that defendant's statement was voluntary and did not violate his Miranda rights.

C. ANY LEAVE FOR DEFENDANT TO FILE FURTHER MOTIONS SHOULD BE STRICTLY LIMITED

While the government recognizes this court's discretion to permit defendant to file further motions, the Government does oppose defendant's motion to the extent it is conjectural, overly broad and invites abuse. Any need for further motions should be justified at the time they are filed, permitting both the Government to oppose on a motion-by-motion basis and this court to determine if such motions could in fact have been filed earlier. Any other course would invite an interminable and protracted motion practice, resulting in delay of trial.

D. THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

1. Rule 16(b)

The defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery. In addition, the Government voluntarily will comply with the requirements of Federal Rule of Criminal Procedure 16(a). Thus, the 16(b) provision of that rule are operable as to defendant.

The Government, pursuant to Rule 16(b), hereby requests the defendant to permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case in chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(1) and (2) to ensure that the Government receives the discovery to which it is entitled.

2. <u>Rule 26.2</u>

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses except the defendant. The Rule thus provides for the reciprocal production of Jencks statements. As stated in pertinent part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession . . . .

Fed. R. Crim. P. 26.2(a).

The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the Government hereby requests that defendant be ordered

to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in including, but not limited to, tape recordings, handwritten or typed notes and reports.

III

CONCLUSION

For the foregoing reasons, the Government respectfully requests that defendant's motions be denied and the Government motions be granted.

DATED: September 5, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/Steve Miller

STEVE MILLER
Assistant U.S. Attorney

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EMMANUEL ESPINOZA-COTA,<br>Defendant. | Criminal Case No. 08cr2303-JM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Steve Miller, am a Citizen of the United States over the age of eighteen years and a resident of San Diego county, California. My business address is 880 Front Street, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of the Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

1. Kurt D. Hermansen

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case n/a the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2008

s/Steve Miller
STEVE MILLER